IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL CANTU GARCIA, #12138-280, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:25-cv-1549-B-BN |
| BUREAU OF PRISONS, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Miguel Cantu Garcia, a federal prisoner, submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 3. Senior United States District Judge Jane J. Boyle referred Garcia's petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

In his petition, Garcia seeks the same relief as in another case filed in this Court, *Garcia v. Bureau of Prisons*, No. 3:25-cv-1399-N-BW. That case was dismissed without prejudice because, under Fifth Circuit precedent, a pleading seeking release to home confinement rather than accelerated release should properly be considered as a civil rights suit rather than a habeas petition. *See Garcia v. BOP*, No. 3:25-cv-1399-N-BW, 2025 WL 1886749 (N.D. Tex. June 6, 2025), *rec. accepted*, 2025 WL 1885644 (N.D. Tex. July 7, 2025).

When this case was filed as a habeas petition, the undersigned issued an order and notice of deficiency (the "NOD") providing Garcia the opportunity to amend his

claims into a civil rights action by July 30, 2025. *See* Dkt. No. 4. The NOD also ordered Garcia to pay the filing fee or move for leave to proceed *in forma pauperis*. Garcia paid only the $5 filing fee for a habeas action before the deadline and did not amend his claims into a civil rights action.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition without prejudice to seeking relief in a civil rights action.

## Discussion

Garcia's sole claim in his petition is that "[t]he Bureau of Prisons is not following the directives issued by Director William K. Marshall III issued on 05/28/[2]025." Dkt. No. 3 at 6. The referenced memo relates to expansion of home confinement under the First Step Act and Second Chance Act. *See id.* at 9-10. Garcia alleges that his "conditional transition to community date" was March 1, 2025. *Id.* at 2. According to the BOP's website, Garcia's scheduled release date is November 16, 2027. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 31, 2025).

"[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit . . . is the 'proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'" *Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) (quoting *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)). The Fifth Circuit has adopted "'[t]he "bright-line rule" that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the

proper vehicle is a civil rights suit.'" *Id.* (quoting *Melot*, 970 F.3d at 599).

Release to home confinement does not change the length of a prisoner's sentence, but only changes his place of confinement, the designation of which is solely within the BOP's statutory authority. *See* 18 U.S.C. § 3621(b); *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) ("The Bureau of Prisons has the sole authority to designate a prisoner's place of incarceration."). Because Garcia's requested relief would not automatically entitle him to accelerated release from his sentence, Section 2241 is not the proper vehicle for his claim. *See Maxwell*, 133 F.4th at 454; *Blackwell v. Warden, FCI Yazoo*, No. 3:24-CV-832-KHJ-MTP, 2025 WL 1370821, at *1 (N.D. Miss. May 12, 2025). Instead, the relief he seeks is properly brought in a civil rights action. *See id.*

Because the Court provided the opportunity for Garcia to amend his claims into a civil rights complaint but instead he paid the lower filing fee for a habeas petition, the undersigned does not construe Garcia's petition as a new civil rights complaint. So the Court should dismiss the petition without prejudice to Garcia's seeking relief in a separate civil rights action.

### Recommendation

The Court should dismiss the petition without prejudice to Garcia's seeking relief in a separate civil rights action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 2, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE